758 F.2d 739
 244 U.S.App.D.C. 419, Fed. Sec. L. Rep. P 91,998
 SECURITIES INDUSTRY ASSOCIATION
v.
COMPTROLLER OF the CURRENCY, et al., Appellants.
SECURITIES INDUSTRY ASSOCIATION, Appellant,
v.
C.T. CONOVER, Comptroller of the Currency, Office of the
Comptroller of the Currency.
 Nos. 84-5026, 84-5085.
 United States Court of Appeals,
District of Columbia Circuit.
 Argued March 25, 1985.
Decided April 12, 1985.
 
 Mark H. Gallant, Atty., Dept. of Justice, Washington, D.C., with whom Richard K. Willard, Acting Asst. Atty. Gen., Joseph E. diGenova, U.S. Atty., Mark Leemon, Atty., Office of the Comptroller of the Currency, and Anthony J. Steinmeyer, Atty. Dept. of Justice, Washington, D.C., were on the brief, for appellants in No. 84-5026 and appellee in No. 84-5085.
 James B. Weidner, New York City, with whom John M. Liftin, Washington, D.C., was on the brief, for appellant in No. 84-5085 and appellee in No. 84-5026.
 Before WRIGHT, GINSBURG, and SCALIA, Circuit Judges.
 Opinion for the court PER CURIAM.
 
 
 1
 Opinion concurring part and dissenting in part filed by Circuit Judge SCALIA.
 
 PER CURIAM:
 
 2
 This court is in agreement with the result reached by the District Court, generally for the reasons stated in its Memorandum Opinion. See Securities Industry Ass'n v. Comptroller of the Currency, 577 F.Supp. 252 (D.D.C.1983). We note also that the District Court's Glass-Steagall Act analysis receives substantial support from a Supreme Court opinion issued while these cases were pending on appeal. See Securities Industry Ass'n v. Board of Gov. of FRS, --- U.S. ----, 104 S.Ct. 3003, 82 L.Ed.2d 158 (1984).
 
 
 3
 Affirmed.
 
 
 4
 SCALIA, Circuit Judge, concurring in part and dissenting in part:
 
 
 5
 I concur in the court's disposition with regard to the Glass-Steagall Act. Instead of affirming the District Court's resolution of the McFadden Act issue on the merits, I would vacate and remand with instructions to dismiss for lack of jurisdiction.
 
 
 6
 The District Court found that SIA had standing to challenge the Comptroller's ruling that discount brokerage offices operated by national banks are not subject to the locational restrictions of the McFadden Act and the National Banking Act because "attempts to exceed those curbs would harm SIA's members...." Securities Industry Ass'n v. Comptroller of the Currency, 577 F.Supp. 252, 258-59 (D.D.C.1983). This conflates the constitutional requirement of injury in fact and the separate requirement that "Congress [have] intended to place the plaintiffs within the zone of interests protected or regulated by the statute." Glass Packaging Institute v. Regan, 737 F.2d 1083, 1090 (D.C.Cir.1984). In my view, state banks and possibly federal banks, but not all businesses injured in fact, are within the zone of interests protected by the branch banking restrictions. See, e.g., id. at 1088-89; Copper & Brass Fabricators Council, Inc. v. Department of the Treasury, 679 F.2d 951, 952-53 (D.C.Cir.1982); Tax Analysts and Advocates v. Blumenthal, 566 F.2d 130, 138, 144-45 (D.C.Cir.1977), cert. denied, 434 U.S. 1086, 98 S.Ct. 1280, 55 L.Ed.2d 791 (1978).